**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Realty Executives International Services LLC, | No. CV-17-02671-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Devonshire Western Canada Limited, et al., | |
| Defendants. | |

Plaintiff Realty Executives International Services, LLC ("REI") has filed a motion for leave to file a second amended complaint ("SAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure. Doc. 64. The motion is fully briefed (Docs. 64, 70, 71, 74), and oral argument has not been requested. Because the proposed new claims are covered by an unambiguous arbitration provision, the Court will deny leave to amend as futile.[1]

**I. Background.**

Plaintiff REI filed its initial complaint in Arizona state court, and Defendants removed the case to this Court on the basis of diversity jurisdiction. Doc 1. REI then amended its complaint as a matter of right. Doc. 16. The amended complaint alleged that Defendants breached a 2008 Regional Developer Agreement ("2008 Agreement") and the implied covenant of good faith and fair dealing, and asserted a separate claim for tortious interference with business expectancy. *Id.* ¶¶ 71-98. REI now seeks to file a second amended complaint that would add two alternative claims – one for breach of a 2003

---
[1] Plaintiff's brief places all citations in footnotes. Plaintiff's counsel is reminded that the Court's Amended Case Management Order prohibits this practice. *See* Doc. 58, ¶ 10(b).

franchise agreement ("2003 Agreement"), and the other for breach of the covenant of good faith and fair dealing implied in the 2003 Agreement. Doc. 64. REI further proposes to dismiss the claims against the Defendants' spouses, which Defendants do not dispute. Docs. 64, 70 at 7.

## II. Rule 15's Standard for Amending Pleadings.

Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy favoring leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Court may deny a motion to amend on the basis of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. The party opposing amendment bears the burden of showing prejudice, futility, or another reason for denying the amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## III. Discussion.

Defendants contend that REI's proposal to add claims based on the 2003 Agreement would be futile because the agreement contains a mandatory arbitration provision that precludes assertion of the claims in federal court. Doc. 70 at 4. An amendment is futile if no set of facts can be proven that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The test is identical to the one used in addressing challenges under Rule 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 (9th Cir. 2011) (citing *Miller*, 845 F.2d at 214).

Any claims arising out of or relating to the 2003 Agreement must be resolved under the agreement's alternative dispute resolution mechanism. That mechanism calls for informal discussion, mediation, and binding arbitration. Doc. 64-6 ¶ 14. The agreement expressly states that these are the "sole and exclusive procedures for the resolution of disputes between the parties arising out of or relating to this Agreement." *Id.*

The Federal Arbitration Act "requires courts to 'place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Parties may contend that arbitration provisions are invalid under general contract principles, or that the claims they assert are not covered by an arbitration provision. *Id.*; 9 U.S.C. § 2. But REI makes no argument that the mediation and arbitration provision of the 2003 Agreement is invalid, and the proposed new claims clearly fall within its terms. The arbitration provision governs all claims "arising out of or relating to" the 2003 Agreement, Doc. 64-6 ¶ 14, and the claims for breach of the agreement and breach of the covenant implied in the agreement clearly arise out of or relate to the agreement. What is more, "[a]ny doubts about the scope of arbitrable issues . . . are to be resolved in favor of arbitration." *Tompkins v. 23andMe Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016) (citation omitted).

The Court may deny leave to amend if the new claims are subject to arbitration. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming dismissal of claims that were subject to arbitration); *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000) (where "judicial review . . . is barred by the [contract's] valid and enforceable arbitration clause[,] [t]he district court properly dismissed his complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim"). If REI seeks to assert claims arising out of or related to the 2003 Agreement, it must do so under the process established in that agreement.

REI contends that Defendants waived the right to rely on the 2003 mediation and arbitration clause by failing to invoke it earlier. Doc. 74 at 6. But REI has not previously brought a claim under the 2003 Agreement, and Defendants were not obligated to assert the mediation and arbitration clause of that agreement.

REI also argues that the arbitration provision is not mandatory because it states that "either party *may* submit" to arbitration. Doc. 64-6 ¶ 14 (emphasis added). But this merely

means that the parties are not required to arbitrate every dispute – they may choose to forego resolution of some disagreements. But if either side seeks to assert a claim arising out of or related to the 2003 Agreement, the arbitration provision is "the sole and exclusive procedure[] for the resolution of disputes[.]" *Id.*

Finally, REI argues that denying leave to amend will potentially require it to litigate in two locations – this Court for its claims under the 2008 Agreement and arbitration for its claims under the 2003 Agreement. REI asserts it would be highly inefficient to litigate in two settings, particularly when its claims related to the 2003 Agreement are being asserted in the alternative to claims under the 2008 Agreement. Even if this is true, it does not invalidate the mandatory arbitration provision or authorize this Court to disregard that provision. If REI feels compelled to assert the 2003 Agreement claims now, perhaps it can seek a tolling agreement from Defendants or initiate arbitration and ask the arbitrator to stay the proceedings until this case is resolved in the next few months. What it cannot do, however, is assert claims in this Court that must be arbitrated.

**IV. Defendants' Spouses.**

REI's proposed SAC dismisses Defendants' spouses. Defendants do not dispute this, and note that REI's counsel has represented that REI "intend[s] to voluntarily dismiss the spouses" irrespective of the SAC. Doc. 70 at 7. Because it is undisputed that the Defendants' spouses should not remain in this case, the Court will dismiss the claims against them.

**IT IS ORDERED**:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 64) is **denied**.
2. Defendants' spouses are **dismissed**.

Dated this 9th day of September, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge