**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Realty Executives International Services LLC, | No. CV-17-02671-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Devonshire Western Canada Limited, et al., | |
| Defendants. | |

The Court held a conference call with the parties on October 22, 2019, heard argument, and directed the parties to file a discovery matrix. Doc. 88. The Court later requested a supplemental filing by Plaintiff (Doc. 90) and held a second telephone conference with the parties on November 12, 2019. The Court now rules.

1. **Deposition of Plaintiff's CEO, David Tedesco.**

After reviewing the relevant portion of the matrix (Doc. 89-2) and attachments, the Court concludes that Mr. Tedesco possesses information relevant to this case and is subject to deposition. The parties indicated during the initial conference call that this subject has been under discussion since June, indicating that Defendants did not delay unduly in seeking the deposition. The deposition shall be limited to three hours of questioning by Defendants and shall be completed within 30 days of this order.

2. **Plaintiff's Request for Further Time to Complete Canadian Discovery.**

The prior judge presiding over this case entered a case management order on August 27, 2018, and set a discovery deadline of July 1, 2019. Doc. 38. At the request of

the parties (Doc. 54), the undersigned judge extended the fact discovery deadline to October 1, 2019.  Because more than one year had been allowed for fact discovery in this case, the Court cautioned: "**The parties are advised that the Court will not grant additional extensions absent truly extraordinary circumstances**."  Doc. 58 (emphasis in original).  To facilitate the October 22 conference call, the deadline was extended briefly to October 22, 2019.  Doc. 85.

The docket reflects that little discovery occurred during the 10-month discovery period between August 27, 2018, and July 1, 2019.  The only entries on the dockets are notices of compliance with the Court's mandatory initial discovery pilot project ("MIDP").  Indeed, on May 27, 2019, the parties filed a joint stipulation stating that they "served each other with written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production with responses due on or about June 17 – only two weeks before the scheduled discovery deadline."  Doc. 54 at 1-2.  The parties thus waited until nearly the close of fact discovery before serving discovery requests.  They also indicated that no depositions had occurred, and that they had "tentatively" scheduled depositions for June 10-14, 2019.  *Id.* at 2.  They further noted that Plaintiff intended to conduct discovery in Canada.  *Id.*

Although the Court extended the discovery period to October 1, 2019 with a warning, Plaintiff did not file a motion for letters rogatory to facilitate discovery in Canada until August 16, 2019, only six weeks before the close of discovery.  Doc. 80.  Not surprisingly, Plaintiff has now found that the issue is tied up in the Canadian courts.  Although Plaintiff suggested in the initial conference call that matters would be resolved in Canada by January, papers submitted by the parties show that a hearing is set before a Canadian court on January 8, 2020, and that depositions and document production will be required in Canada thereafter if the request is granted.  Doc. 89-3 at 18.  There is no assurance that the issue will be resolved before months have passed in 2020.  Plaintiff's counsel acknowledged during the initial conference call that the letters rogatory process

could have been initiated a year ago, and the relevancy of Canadian information has been clear from the start of this case.

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and the motion must be denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609. The Ninth Circuit continues to follow this standard. *See Bailey v. Gatan, Inc.*, No. 17-17530, 2019 WL 3782061, at *2 (9th Cir. Aug. 12, 2019).

Plaintiff could have met both the July 1 and October 1 discovery deadlines through reasonable diligence, even with respect to the Canadian discovery. Plaintiff therefore has not shown good cause as required by Rule 16(b)(4) – much less the extraordinary circumstances the Court said would be required for further extensions – and the Court will not extend the discovery period to complete the Canadian discovery. With the exception of the Tedesco deposition and the document production addressed below, fact discovery is closed.

### 3. Plaintiff's expert disclosure deadline.

Plaintiff's expert disclosure deadline was October 15, 2019. *See* Doc. 58. Plaintiff did not meet this deadline. As the Court stated during the initial conference call, however, it appears Plaintiff missed the deadline because it was waiting for the discovery conference call scheduled for October 22, 2019. The expert disclosure schedule will be reset after the conference call scheduled for December 5, 2019, as set forth below.

/ / /

/ / /

**4. Parties' Disclosure Disputes.**

The Court has reviewed the parties' matrix. Doc. 89-1. Many of Plaintiff's document production requests seek documents that clearly are relevant to this litigation and should have been produced. Unfortunately, Defendants' responses set forth a list of objections without stating whether any documents were produced in response to any request, without stating – as required by Rule 34(b)(2)(C) – whether any documents had been withheld on the basis of the objections, and without stating – as required by Rule 34(b)(2)(B) – when documents would be produced. *Id.*; Doc. 92. As a result, the Court cannot tell (and the matrix does not indicate) whether Defendants produced any of the requested documents.

Plaintiff asserts that it has the same problem because Defendants produced a large number of documents with no indication of the requests to which they were responsive. Defendants respond that (a) Plaintiff failed to meet and confer before presenting the issue to the Court, (b) Plaintiff is not entitled to a log showing which documents are responsive to which requests, (c) Plaintiff is not entitled to information about the MaxWell entity, and (d) the time for discovery has passed. Doc. 89-4.

The Court agrees that Plaintiff should have raised this issue earlier, but the plain insufficiency of Defendants' Rule 34 responses leave the Court with no way of assessing whether Defendants even attempted to comply with their obligation to respond to each of Plaintiff's Rule 34 requests. As a result, Defendants shall, by **November 27, 2019**, provide Plaintiffs with (a) a list, by Bates number, of documents it has produced in response to each document production request, and (b) a description of documents withheld on the basis of objections stated in Defendants' Rule 34 response.[1]

The Court will hold a telephone conference with the parties on **December 5, 2019, at 10:00 a.m.** Defendants shall arrange a call-in number and provide it to Court staff. The purpose of the conference call will be to determine whether additional production will be

---

[1] This need not be a document-by-document description, but should provide enough detail about the withheld documents for Plaintiff and the Court to evaluate whether the withholding is proper.

required in response to Plaintiff's original document production requests.[2]

Dated November 13, 2019.

_David G. Campbell_
David G. Campbell
Senior United States District Judge

---

[2] Defendants suggest that if additional discovery is granted to Plaintiff, then Defendants want to raise insufficiencies in Plaintiff's discovery responses. The time for doing so has passed. *See* Doc. 58, ¶ 6(c).